# SAMUEL A. CROZIER

## v.

# CHARLES A. REINS.

1. AGENCY—AUTHORITY.—The employment of parties to collect the rents of a building does not give them authority to employ an engineer to take charge of the engine in such building. The employment of such engineer is not within the scope of their authority as agents for the collection of rents, and their contract in that behalf will not bind the principal.

2. DELEGATION OF AUTHORITY.—A general agent of the owner, having superintendence over the building, and vested with judgment and discretion to employ an engineer, cannot delegate such authority to others, so as to make their acts binding upon his principal.

ERROR to the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed December 8, 1879.

Mr. CHARLES S. THORNTON, for plaintiff in error; that the burden of proof is upon plaintiff to show a special contract, cited Sterman v. Streamer, 70 Ill. 188.

An agent appointed for a special purpose, cannot go beyond the scope of such appointment, and bind his principal: Denman v. Bloomer, 11 Ill. 177; Williams v. Merritt, 23 Ill. 623; Thompson v. Elliott, 73 Ill. 221; Cooley v. Willard, 34 Ill. 68.

Persons dealing with an agent must know his authority: C. & G. E. R. R. Co. v. Fox, 41 Ill. 106.

Before a principal will be held to have ratified the acts of an agent, he must be fully and fairly informed of all the circumstances connected with the transaction: Cadwell v. Meek, 17 Ill. 220; Mathews v. Hamilton, 23 Ill. 470; Kerr v. Sharp, 83 Ill. 199.

Ratification is a question for the jury: Goodell v. Woodruff, 20 Ill. 191.

Messrs. AVERY & COMSTOCK, for defendant in error.

MCALLISTER, J. This was assumpsit in the County Court, by Reins against Crozier, to recover damages for an alleged

hiring of Reins by Crozier, as engineer of the Dore Building for one year, and the wrongful discharge of the former by the latter before the year expired.    There was a trial before the court and a jury, resulting in a verdict for plaintiff for $506.50, on which the court, overruling a motion for a new trial, gave judgment, and the defendant brings the case here by writ of error.    The bill of exceptions purports to contain all the evidence, which we have carefully read from the record.    It appears that plaintiff below never saw the defendant, or had any dealings or communications with or from him personally, of any description.    The alleged contract of hiring was made with one Coe, if at all, and so the discharge was by him.    The name of Crozier was never mentioned in these transactions, or in any negotiations.    The only evidence as to Coe's agency is to be found in the testimony of Horace A. Hurlburt, who testified that he had general control of all Crozier's property here, and had general supervision of the building in question.    That he never gave Mead & Coe, or either of them, any authority to employ an engineer, or any person, for a year.    That he (witness) never had any authority from Crozier to employ an engineer, or anybody, for that length of time.    That Mead & Coe were agents for Crozier to collect his rents, but that there could be nobody employed without witness' assent.

Hurlburt testified that he never authorized Mead & Coe, or either of them, to employ plaintiff, and there is no evidence that he, in any manner, participated in making the alleged contract of hiring, or in its ratification afterwards.    So, that there being a total absence of all evidence of authority in Coe, or in Mead & Coe, derived from the principal, except the evidence of Hurlburt that they were agents of Crozier to collect rents, the question is narrowed down to the inquiry whether such employment carries with it such an authority as is requisite to bind the principal by the act of these agents in entering into the alleged contract with plaintiff to employ him as engineer of the building for a year.    Such a transaction would be wholly outside of the scope of such an agency.    The evidence of the authority of Mead & Coe, or either of them, is insufficient to support the verdict.    If Hurlburt was the general agent of

Crozier in respect to the Dore Building, and vested with judg-ment and discretion as to the employment of janitor and en-gineer, he could not delegate that authority to Mead & Coe, or either of them, so that their acts would bind Crozier. Com-mercial Bank v. Norton, 1 Hill R. 501.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.